UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                        Case No. 13-20143

ALVIN RAY,                        HON. AVERN COHN

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S
MOTION FOR *FRANKS* HEARING (Doc. 23)**

**I.**

This is a criminal case. Defendant Alvin Ray is charged in a four-count indictment (Doc. 7) as follows:

    Count One    Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1);

    Count Two    Possession With Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1);

    Count Three    Possession With Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1); and

    Count Four    Possessing a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c).

Now before the Court is Ray's motion for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978) and to suppress evidence (Doc. 23). Ray's motion for a *Franks* hearing is GRANTED. The Court will hold an evidentiary hearing prior to deciding the motion to suppress.

**II.**

**A.**

On August 22, 2012 Detroit Police officer Aaron Yopp applied in Wayne County District Court for a search warrant authorizing the search of a residence on Genessee Street in Detroit, Michigan. The following day, on August 23, 2012, a magistrate judge issued a warrant authorizing the search of the subject residence.

Detroit Police officers executed the warrant on the same day it was issued. The search of the residence revealed the presence of crack cocaine, marijuana, and several firearms. Ray and his girlfriend, Cara Lee, were detained at the residence. Ray was arrested after the search. He was taken into custody and interrogated by police at which time he stated that he lived at the subject residence for 10 years and sold marijuana for the past two months.

**B.**

Yopp attested to the following in the warrant affidavit:

♦ Yopp is a member of the Detroit Police Department's ("DPD") Narcotics Enforcement Section East ("EDNEU"), and he is assigned to investigate narcotic trafficking within the City of Detroit;

♦ Yopp worked with a confidential informant that has been utilized on several occasions. The confidential informant, based on past dealings with the DPD, is known to be credible and reliable;

♦ EDNEU officers received narcotic complaints about the subject residence;

♦ On August 22, 2012, members of the EDNEU met with the confidential informant and had him make a controlled purchase of narcotics at the residence. The confidential informant was searched for money and narcotics with negative results and then issued money to buy the drugs. Members of the EDNEU observed the confidential informant enter the residence from the front door and stay for a short while. Upon his return, the confidential informant handed the EDNEU members marijuana and stated that he/she

2

> purchased the narcotics from Ray;

- Yopp has participated in numerous raids in the City of Detroit. In those raids, it was common for firearms and/or weapons to be found as they are used to protect illegal narcotic activity.

**C.**

Ray says that Yopp's affidavit contains two false statements: "first, that the Detroit Police Department had received 'narcotic complaints' regarding the Genessee address prior to the search warrant application; and second, that a controlled purchase of marijuana was made from the house on August 22, 2012." (Doc. 23 at 2, Def's. Mot. for *Franks* Hearing and to Suppress Evidence).

In support of the first contention, Ray says that Federal Defender investigator Roy McCalister, Jr. visited the DPD narcotics division on April 18 and 19, 2013 and found only one complaint regarding Ray's residence. The complaint involved the search of the residence on August 23, 2012. Thus, Ray says that the statement that DPD had received "narcotic complaints" prior to August 23 was knowingly false or made with reckless disregard for its truth.

In support of Ray's second contention, he attaches to his motion his own affidavit. In the affidavit, he admits that he lived at the subject residence on August 22, 2013. He states that "[i]t is my [Ray's] belief that no one purchased marijuana from the Genessee address on August 22, 2012." (Doc. 23-2, Ray Affidavit).

**D.**

As the Supreme Court stated in *Franks*, "[i]t is established law that a warrant affidavit must set forth particular facts and circumstances underlying the existence of probable cause, so as to allow the magistrate to make an independent evaluation of the matter." 438

U.S. at 165 (internal citations omitted). Once a warrant issues, there is "a presumption of validity with respect to the affidavit supporting the search warrant." *Id.* at 171. This presumption, however, is not absolute.

In certain circumstances, a defendant in a criminal proceeding is entitled to an evidentiary hearing to challenge the truthfulness of factual statements made in the affidavit supporting the warrant. *Id.* 164–65. The Supreme Court explained the defendant's burden necessary to obtain an evidentiary hearing:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing. Whether he will prevail at that hearing is, of course, another issue.

*Id.* at 171–72.

The Sixth Circuit recently confirmed that, "[w]ithout a showing of falsity concerning the statements in the affidavit," a defendant "cannot make a substantial showing that the affiant provided statements in the affidavit that he knew to be false," and a *Franks* hearing

4

is not necessary. *United States v. Rose*, 714 F.3d 362, 370 (6th Cir. 2013).

**D.**

*Franks* places a high burden on Ray to show that he is entitled to an evidentiary hearing to challenge the warrant affidavit. Though Ray challenges two statements in the warrant affidavit as false, and relies on his own affidavit as support, it is questionable whether he has met the "substantial showing" burden necessary to warrant a *Franks* hearing. Notwithstanding, however, the Court will err on the side of caution and allow Ray an evidentiary hearing. At the hearing, Ray is limited to proving that the allegations in Yopp's affidavit are false or were made with reckless disregard for the truth. After the *Franks* hearing, the Court will rule on Ray's motion to suppress evidence.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: June 6, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 6, 2013, by electronic and/or ordinary mail.

    S/Sakne Chami
Case Manager, (313) 234-5160